10-5205-ag
Lauwira v. Holder

BIA
Elstein, IJ
A096 265 987

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of April, two thousand twelve.

PRESENT:
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
REENA RAGGI,
    *Circuit Judges.*

_____

CHANDRA LAUWIRA,
    *Petitioner*,

    v.                                      10-5205-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:        Andrew P. Johnson, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jamie M. Dowd, Senior
                       Litigation Counsel; Andrew N.
                       O'Malley, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chandra Lauwira, a native and citizen of Indonesia, seeks review of a November 29, 2010 decision of the BIA affirming the July 15, 2009 decision of Immigration Judge ("IJ") Annette S. Elstein pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *See In re Chandra Lauwira*, No. A 096 265 987 (B.I.A. Nov. 29, 2010), *aff'g* No. A 096 265 987 (Immig. Ct. N.Y. City July 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). As a preliminary matter, Lauwira does not challenge the agency's determination that he failed to establish past

persecution or fear of future persecution, thus waiving any arguments he might raise with respect to those two issues. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007) (deeming arguments not raised before the Court abandoned). While Lauwira does challenge the agency's adverse credibility determination, we need not address that issue because we conclude that, even if Lauwira were found credible, substantial evidence supports the agency's determination that he failed to demonstrate a pattern or practice of persecution of Chinese Christians in Indonesia.

To establish eligibility for withholding of removal, an applicant need not demonstrate that he or she would be singled out individually for persecution if the applicant shows: (1) "there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" in the country to which he or she would be removed; and (2) "his or her own inclusion in and identification with such groups of persons such that it is more likely than not that his or her life or freedom would be threatened upon return to that country." 8 C.F.R. § 1208.16(b)(2). In this case, the U.S. State Department's 2007 Country Reports on Human

Rights Practices for Indonesia and the 2008 Religious Freedom Report amply supported the agency's conclusion that conditions have improved for ethnic Chinese Christians in Indonesia over the past decade. *See In re Chandra Lauwira*, No. A 096 265 987 (B.I.A. Nov. 29, 2010). This assessment is reinforced by our recent decision in *Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009), holding that substantial evidence supported the Immigration Judge's finding that there was no pattern or practice of persecution of ethnic Chinese or Catholics in Indonesia. *Id.* at 112. Because the agency reasonably determined that Lauwira failed to establish a pattern or practice of persecution against Chinese Christians in Indonesia, it did not err in denying Lauwira withholding of removal and CAT relief as both claims share the same factual predicate. *See Xue Hong Yong v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4